UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | |
|---|---|
| IVY L. CATES, | ) |
|     *Plaintiff*, | ) |
| v. | ) Case No. 4:10-cv-00049 |
| | ) Judge Mattice |
| MICHAEL J. ASTRUE, | ) Magistrate Judge Lee |
| Commissioner of Social Security, | ) |
|     *Defendant*. | ) |

# **ORDER**

United States Magistrate Judge Susan K. Lee filed her Report and Recommendation [Court Doc. 15] pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Plaintiff has timely raised two objections. [Court Doc. 16]. The Court has reviewed *de novo* those portions of Magistrate Judge Lee's Report and Recommendation to which Plaintiff has objected. *See* Fed. R. Civ. P. 72(b).

Plaintiff's first argument – that the Administrative Law Judge ("ALJ") improperly credited the opinion of a physician who failed to consider Plaintiff's pain when analyzing her residual functional capacity – is simply a restatement of an issue she previously raised in support of her Motion for Judgment on the Administrative Record. (*See* Court Doc. 11 at 9; Court Doc. 16 at 5). Magistrate Judge Lee fully addressed Plaintiff's argument in her Report and Recommendation. (Court Doc. 15 at 17-18). Further analysis would be cumulative and is unwarranted in light of Magistrate Judge Lee's well-supported Report and Recommendation. Consequently, the Court will **OVERRULE** Plaintiff's first objection.

Plaintiff next argues that the ALJ erred by failing to re-contact Dr. Parker (i.e., Plaintiff's treating physician) in light of the conflict between his opinion that Plaintiff was

disabled and his most recent treatment notes recording Plaintiff's significant physical improvement. (Court Doc. 16 at 8). Plaintiff's objection is largely duplicative of her earlier arguments, but in part, it seeks to distinguish the instant case from *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149 (6th Cir. 2009), to which Magistrate Judge Lee cited when finding that the ALJ properly afforded little weight to Dr. Parker's opinion. (*See* Court Doc. 15 at 16; Court Doc. 16 at 9). The distinction Plaintiff attempts to draw – based on the nature of Dr. Parker's practice and the unavailability of other treating physicians – does not address the substance of Magistrate Judge Lee's conclusions that: (1) the regulations require an ALJ to re-contact a treating physician to resolve conflicts or ambiguities "only where the evidence received from the [treating physician] does not provide an adequate basis for determining whether to credit the opinion," and (2) the disparity between Dr. Parker's opinion and his own most recent treatment notes is not the sort of "conflict or ambiguity" the regulations contemplate. (Court Doc. 15 at 16 (citing *Poe*, 342 F. App'x at 156 n.3)). The remainder of Plaintiff's objection merely reiterates arguments she made in support of her Motion for Judgment on the Administrative Record. The Court will therefore **OVERRULE** Plaintiff's second objection.

Accordingly, the Court **ACCEPTS** and **ADOPTS** Magistrate Judge Lee's findings of fact, conclusions of law, and recommendations pursuant to § 636(b)(1) and Rule 72(b). Plaintiff's objections [Court Doc. 16] are **OVERRULED**. Plaintiff's Motion for Judgment on the Administrative Record [Court Doc. 10] is **DENIED**. Defendant's Motion for Summary Judgment [Court Doc. 12] is **GRANTED**. The Commissioner's denial of benefits is **AFFIRMED** and the instant action is **DISMISSED WITH PREJUDICE**. The Clerk shall

-2-

Case 4:10-cv-00049   Document 17   Filed 09/15/11   Page 2 of 3   PageID #: 93

close the case.

        SO ORDERED this 15th day of September, 2011.

                                    */s/Harry S. Mattice, Jr.*
                                    HARRY S. MATTICE, JR.
                               UNITED STATES DISTRICT JUDGE